**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| ANDRE DANIELS, | ) | |
| | ) | Civil Action File No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BAXALTA US, INC., A WHOLLY | ) | |
| OWNED SUBSIDIARY OF TAKEDA | ) | |
| PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Andre Daniels ("Plaintiff" or "Mr. Daniels") files this Complaint for Equitable Relief and Damages against Defendant Baxalta, Inc., a wholly owned subsidiary of Takeda Pharmaceuticals USA, Inc. ("Defendant") showing the Court as follows:

<u>**INTRODUCTION**</u>

1.      Mr. Daniels is a former employee of Defendant, having worked for Defendant from 2016 through June 4, 2020.

2.      Mr. Daniels asserts claims for discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.* and for interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Mr. Daniels seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated damages, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

1

<u>**JURISDICTION AND VENUE**</u>

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.      Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

<u>**Exhaustion of Administrative Remedies**</u>

5.      On November 24, 2020, Mr. Daniels filed a charge of discrimination – Charge No. 410-2021-01498 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

6.      Mr. Daniels requested his Dismissal and Notice of Rights on May 17, 2022 and has been informed that his Dismissal and Notice of Rights will issue in the next week.

7.      Mr. Daniels will amend this Complaint upon receipt of his Dismissal and Notice of Rights to confirm that he brings this suit within ninety (90) days of the receipt of his Dismissal and Notice of Rights and, thus, exhausts his administrative remedies.

<u>**The Parties**</u>

8.      Mr. Daniels is a citizen of the United States and a resident of the State of Georgia and submits himself to the jurisdiction of this Court.

9.      Mr. Daniels is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

10.     Mr. Daniels suffers from an FMLA-covered serious health condition – Major Depressive Disorder.

11.     Mr. Daniels had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his serious health condition at the time he sought and was approved for continuous FMLA leave.

12.     Mr. Daniels is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

13.     Mr. Daniels is a person with a disability because he has actual mental impairments causing substantial limitations in one or more major life activities, because he has a record of impairment, and because Defendant regarded him as having an impairment.

14.     Mr. Daniels is capable of performing the essential functions of his job as a Senior Manufacturing Technician with an accommodation.

15.     Defendant is a foreign for-profit corporation licensed to do business in Georgia, transacts business in the Middle District of Georgia, and is therefore subject to personal jurisdiction in Georgia.

16.     Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

17.     Defendant had more than 50 employees within a 75-mile radius of the location in which Mr. Daniels was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq.*

18.     Defendant is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

19.     Defendant may be served with summons and a copy of the Complaint in this action

by delivering process to its registered agent for service of process, CT Corporation System, 289

South Culver Street, Lawrenceville, Georgia 30046.

## **STATEMENT OF FACTS**

20.     Mr. Daniels began employment with Defendant in July 2016.

21.     At all times relevant to this matter, Mr. Daniels was employed as a Senior

Manufacturing Technician and Trainer.

22.     In February 2020, Mr. Daniels' newborn child's mother died during childbirth and

he took approved FMLA leave to care for his newborn infant.

23.     In April 2020, Mr. Daniels returned to work for one day and then took approved

continuous FMLA leave for his own serious health condition/ADA-covered disability.

24.     Mr. Daniels' leave was of a definite duration and qualified as a reasonable

accommodation under the ADA.

25.      In May 2018, Mr. Daniels returned from FMLA/ADA leave.

26.     On the day Mr. Daniels returned from FMLA/ADA leave, his supervisor, Paul

Maristela, attempted to write him up for his FMLA-covered absences.

27.     Mr. Daniels pointed out that he had been on FMLA/ADA leave and could not be

disciplined for those absences.

28.     The following day, Mr. Daniels asked Mr. Maristela if he could speak with him

about his FMLA/ADA-covered absences.

29.     Mr. Daniels and Mr. Maristela entered a lab to discuss the issue.

30.     Mr. Daniels asked to have a witness present because Mr. Maristela often seemed

uncomfortable with Mr. Daniels, but Mr. Maristela refused the request for a witness to be present.

31.    Mr. Maristela continued to insist that Mr. Daniels absences were not covered and the asked Mr. Daniels to leave the building when Mr. Daniels insisted upon his FMLA/ADA rights.

32.    Mr. Daniels followed instruction, left the lab, walked to the locker room to gather his belongings, and at all times remained calm.

33.    Mr. Maristela followed Mr. Daniels to the locker room and for an unknown and pretextual reason called the Emergency Response Team while Mr. Daniels was gathering his belongings.

34.    Jarrell Brown was present in the locker room and Mr. Daniels shook his hand as he left for the day.

35.    Mr. Maristela and the Emergency Response Team followed Mr. Daniels to his car.

36.    Later that day, Mr. Daniels spoke with Human Resources and was told that he was suspended with pay.

37.    When Mr. Daniels explained what had happened regarding the discipline that violated the FMLA/ADA, and explained that he had remained calm throughout his interactions with Mr. Maristela, Human Resources told Mr. Daniels that it would investigate the issue.

38.    Mr. Daniels remained on paid leave for two weeks until her received a call from Human Resources and was informed that he was terminated.

39.    On June 4, 2020, at the time when his FMLA/ADA leave expired, Defendant terminated Mr. Daniels rather than reinstate him to his position.

40.    Defendant terminated Mr. Daniels' employment because of his disability, rather than accommodating his disability, because it regarded him as disabled, and in retaliation for him requesting an accommodation under the ADA and FMLA protected leave.

41.     In discriminating and retaliating against Mr. Daniels in violation of the FMLA and ADA, Defendant acted willfully, wantonly, and intentionally to harm Mr. Daniels and his federally protected rights.

42.     Additionally, and in the alternative, Defendant acted with reckless disregard for Mr. Daniels and his federally protected rights.

43.     The effect of Defendant's above-stated actions has been to deprive Mr. Daniels of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Defendant's illegal actions.

44.     The effect of Defendant's above-stated actions has also caused Mr. Daniels to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

**COUNT I**
**VIOLATION OF THE ADA – REGARDED AS DISABLED**

45.     Mr. Daniels incorporates by reference all the preceding paragraphs of the Complaint.

46.     At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

47.     At all times relevant hereto, Mr. Daniels was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because Defendant regarded him as a person with an impairment as defined by the Act.

48.     Moreover, at all times relevant hereto, Mr. Daniels has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

49.     Defendant terminated Mr. Daniels because it regarded him as disabled.

50.     Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

51.     As a direct and proximate result of Defendant's intentional discrimination, Mr. Daniels has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

52.     The actions taken against Mr. Daniels by Defendant have caused him to suffer both monetary and non-monetary damages.

53.     Pursuant to the ADA, Mr. Daniels is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

54.     Accordingly, Mr. Daniels is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

### COUNT II
### Actual Discrimination and Failure to Accommodate in Violation of ADA

55.     Mr. Daniels incorporates by reference all the preceding paragraphs of the Complaint.

56.     At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

57.     At all times relevant hereto, Mr. Daniels was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

58.     Defendant was aware of Mr. Daniels's disabilities and history and record of

disability.

59.     At all times relevant hereto, Mr. Daniels has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

60.     Mr. Daniels's disabilities substantially limited one or more major life activities.

61.     Mr. Daniels requested accommodation from Defendant relating to his disabilities – medical leave of a definite duration.

62.     Defendant granted the request but then attempted to discipline him for disability-related absences immediately upon his return for medical leave.

63.      When Mr. Daniels then questioned his discipline because it was based on FMLA/ADA covered absences, Defendant suspended Mr. Daniels, and on June 4, 2020, terminated his employment.

64.     Although Defendant appeared to accommodate Mr. Daniels, its actions in disciplining him for taking medical leave and ultimately terminating his employment based on the same show that Defendant had no intention of actually accommodating Mr. Daniels.

65.     Defendant's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

66.     As a direct and proximate result of Defendant's intentional discrimination, Mr. Daniels has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

8

67.     The actions taken against Mr. Daniels by Defendant have caused him to suffer both monetary and non-monetary damages.

68.     Pursuant to the ADA, Mr. Daniels is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

69.     Accordingly, Mr. Daniels is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

**COUNT III**
**Retaliation in Violation of the ADA**

70.     Mr. Daniels incorporates by reference all the preceding paragraphs of the Complaint.

71.     At all times relevant hereto, Defendant has been subject to the requirements of Title I of the ADA.

72.     At all times relevant hereto, Mr. Daniels was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

73.     In spring 2020, Mr. Daniels engaged in protected activity under the ADA when he requested a reasonable accommodation for his ADA-covered disability.

74.     Mr. Daniels also engaged in protected activity when he disputed Defendant's attempt to discipline him for his FMLA/ADA covered absences immediately upon his return from FMLA/ADA leave.

75.     Although Defendant appeared to accommodate Mr. Daniels, its actions in disciplining him for taking medical leave and ultimately terminating his employment based on the same show that Defendant had no intention of actually accommodating Mr. Daniels.

76.     Defendant terminated Mr. Daniels' employment in retaliation for engaging in protected activity in violation of the ADA.

77.     Defendant's actions in retaliating against Mr. Daniels following his requests for reasonable accommodation were committed with reckless disregard for his right to be free from retaliatory treatment in violation of the ADA.

78.     The effect of Defendant's above-mentioned conduct has been to deprive Mr. Daniels of equal employment opportunities and benefits due to his willingness engage in protected activity.

79.     The actions taken against Mr. Daniels by Defendant have caused him to suffer both monetary and non-monetary damages.

80.     Pursuant to the ADA, Mr. Daniels is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

81.     Accordingly, Mr. Daniels is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## COUNT IV
## Interference with FMLA Leave

82.     Mr. Daniels incorporates by reference all the preceding paragraphs of the Complaint.

83.     Mr. Daniels was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

84.     By disciplining Mr. Daniels for his use of FMLA leave and suspending and

terminating Mr. Daniels immediately upon his return from FMLA leave, Defendant prevented Mr. Daniels from exercising the rights provided to him under the FMLA.

85.     Defendant's actions in interfering with Mr. Daniels' federal right to FMLA leave were committed with reckless disregard for his right to take up to 12 work weeks of leave to care for his newborn child and for his serious health condition in violation of the FMLA.

86.     The effect of Defendant's actions has been to deprive Mr. Daniels of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him solely because of her right to leave under the FMLA.

87.     As a result, Mr. Daniels is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorney's fees, and costs of litigation.

88.     Mr. Daniels is also entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**COUNT V**
**Retaliation in Violation of the FMLA**

89.     Mr. Daniels incorporates by reference all the preceding paragraphs of the Complaint.

90.     Mr. Daniels was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

91.     In attempting to discipline Mr. Daniels because of FMLA covered absences and suspending and terminating Mr. Daniels's employment, Defendant retaliated against Mr. Daniels for exercising his right to take leave as provided under the FMLA.

11

92.     Defendant's actions in retaliating against Mr. Daniels for exercising his rights under the FMLA were committed with reckless disregard for his right to be free from discriminatory treatment on account of his exercise of his rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

93.     The effect of Defendant's actions has been to deprive Mr. Daniels of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his exercise of his rights under the FMLA.

94.     As a result, Mr. Daniels is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorney's fees, and costs of litigation.

95.     Mr. Daniels is also entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)     Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Mr. Daniels's rights as secured under the FMLA and ADA;

(b)     Grant Mr. Daniels a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Mr. Daniels and others similarly

situated because of the exercise of their rights under the FMLA and the ADA or because of their participation in this lawsuit;

(c)     Grant to Mr. Daniels judgment in his favor and against Defendant under all counts of this Complaint;

(d)     Order Defendant to make Mr. Daniels whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e)     Order that Mr. Daniels be reinstated or, in the alternative, be awarded front pay;

(f)     Order Defendant to compensate Mr. Daniels for mental and emotional damages suffered as a result of Defendant's unlawful and discriminatory acts;

(g)     Grant to Mr. Daniels liquidated damages for Defendant's willful violations of the FMLA;

(h)     Grant to Mr. Daniels punitive damages for Defendant's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as amended);

(i)     Grant to Mr. Daniels a jury trial on all issues so triable;

(j)     Grant to Mr. Daniels his reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended) and the FMLA; and

(k)     Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 18th day of May 2022.

LEGARE, ATTWOOD & WOLFE, LLC

*s/ Cheryl B. Legare*
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000

Counsel for Plaintiff