IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANDRE DANIELS   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Civil Action File No.:  3:22-cv-00056-CDL |
| ) | |
| v.   ) | |
| ) | |
| BAXALTA US, INC., A   ) | |
| WHOLLY OWNED   ) | |
| SUBSIDIARY OF TAKEDA   ) | |
| PHARMACEUTICALS USA,   ) | |
| INC.   ) | |
| ) | |
| Defendant.   ) | |

## CONSENT PROTECTIVE ORDER

It appearing to the Court that discovery in the above-styled action involves the production or disclosure of some documents, materials, information, and/or testimony that may contain or comprise confidential and/or proprietary information; and

It further appearing to the Court that Plaintiff Andre Daniels and Defendant Baxalta US, Inc. (collectively, the "Parties"), are agreeable to a protective order regarding such information;

NOW, THEREFORE, IT IS HEREBY ORDERED that the following provisions shall govern the conduct of discovery by the Parties in this litigation:

1. "Confidential Information" shall mean:

1

(a) all documents and other things produced or otherwise disclosed in this matter by the Parties including all copies thereof, where such items are so designated as provided by this Protective Order ("Order"); and

(b) all testimony given in this Action by the Parties, its officers, directors, agents, and/or employees, whether by deposition or otherwise, where such testimony is so designated as provided by this Order, including all transcript copies thereof.

2. This Order shall apply to discovery of the Parties and any non-parties who agree to abide by the terms of this Order, and shall apply to all information, documents and/or things owned or controlled by any party subject to discovery in this action. This Order shall further govern the production of documents and all other information supplied in this case in any form by a party or non-party and designated by that party or non-party as embodying "CONFIDENTIAL INFORMATION" (including, but not limited to, documents and other information voluntarily produced by a party or non-party; produced pursuant to stipulation or in response to interrogatories, document requests, subpoena, or any other discovery request; as well as information contained in deposition testimony, pleadings, and briefs) for purposes of discovery or otherwise.

3. All documents, things, and/or answers or information exchanged by the Parties during this case (through counsel or otherwise) are provided solely for the

legitimate purposes of this litigation among the Parties and may only be used for such legitimate purposes within this litigation and shall not be used for any other purpose whatsoever.

4. Any document or portion thereof, whether an original or a copy (including, but not limited to, any exhibits, answers to interrogatories, and/or responses to requests for admission, as well as physical objects, recordings, or things) that any party or non-party deems to contain confidential information shall be labeled on each page of such document considered confidential with the designation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION"; and any such physical objects shall likewise be identified with the "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" designation.

5. In designating information as CONFIDENTIAL, each party shall make such designation only as to that information that it, in good faith, believes contains confidential information.

6. This Order shall not affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, deposition notices, subpoenas, or questions at a deposition.

7.   The designation of confidentiality can be made at any time after entry of this Order.  Any document or physical object so labeled, or portion thereof, and the information contained in such document or object, will be treated in accordance with the terms of this Order.  The disclosure of CONFIDENTIAL INFORMATION shall be limited to the specific types of Qualified Persons as specified in Paragraph 8.  Unless identified or marked in accordance with either this Paragraph or under Paragraph 11, any confidentiality is waived unless otherwise stipulated or ordered. Information, documents or other tangible things to which such notice cannot be affixed may be designated, in writing, in any manner sufficient to give notice thereof.

8.   With respect to any materials designated as CONFIDENTIAL INFORMATION, "Qualified Person" shall mean:

(a)   The Parties and all attorneys, including their staff, representing a party with respect to this litigation, and other attorneys within their respective law firms, and their staffs to whom it is necessary that material be disclosed for the purposes of this litigation, including commercial copiers, draftsmen, etc.;

(b)   *Bona Fide* independent experts or consultants retained solely for the purpose of assisting legal counsel in the conducting of this litigation who have a need to know such CONFIDENTIAL INFORMATION and who have, in advance of disclosure, executed the undertaking of Exhibit "A" in accordance with Paragraph 9;

(c) Any witness testifying under oath who is an employee, officer or director of the party who produced such CONFIDENTIAL INFORMATION;

(d) Any witness testifying under oath who was previously (i) an employee, officer, or director of the party who produced such CONFIDENTIAL INFORMATION, but only with respect to CONFIDENTIAL INFORMATION to which such person or entity had actual access at any time during his or her association to the party or which such person participated in preparing; and

(e) Stenographic reporters, certified translators or interpreters, and Arbitrator personnel as are necessarily incident to the conduct of discovery, the preparation for the trial or the trial itself.

9. No CONFIDENTIAL INFORMATION shall be disclosed to any persons designated under Paragraphs 8(b) or 8(d) unless and until:

(a) disclosing counsel first informs such recipient that the material to be disclosed is CONFIDENTIAL INFORMATION, is to be held in confidence, is to be used solely for the purposes of preparing and presenting evidence in this litigation, and is required to be kept confidential by Court order; and

(b) persons designated under Paragraphs 8(b), prior to the disclosure to him of any CONFIDENTIAL INFORMATION, executes a copy of the undertaking attached hereto as Exhibit "A".

Copies of the undertakings executed pursuant to this Paragraph shall be maintained by respective counsel procuring same, together with the names and current addresses of such persons.

10. None of the aforesaid individuals under Paragraph 8 shall disclose or disseminate, directly or indirectly, any CONFIDENTIAL INFORMATION for any purpose except as may be permitted by this Order or by further Order of the Court. All CONFIDENTIAL INFORMATION produced or provided in the course of this litigation shall be used solely for the purposes of settlement, preparing for the trial, the actual trial itself, any appeal, and for no other purpose whatsoever and shall not be disclosed to anyone except in accordance with the terms of this Order. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this trial and, in the course thereof, referring to or relying upon his examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make any disclosure of CONFIDENTIAL INFORMATION until and unless said recipient qualifies as a "Qualified Person" respectively entitled to review the information.

11. In the case of depositions upon oral examination of any person (including any party pursuant to Rule 30(b)(6) of the *Federal Rules of Civil Procedure*, a party's employees or agents, former employees or agents, consultants

or experts of Plaintiff or Defendant, or others), a party may designate portions of the examination CONFIDENTIAL INFORMATION. With respect to portions of the examination designated CONFIDENTIAL INFORMATION, only persons designated in Paragraph 8 will be allowed to attend those portions of the deposition. If, after a deposition, counsel for Plaintiff or Defendant believes that the deposition transcript contains CONFIDENTIAL INFORMATION, counsel shall make such designations to opposing counsel, in writing. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until after expiration of the thirty (30) business day period. Once a party has used confidential documents or information at the deposition of any witness, regardless of whether such use is under the undertaking of Exhibit "A" or not, the other party may use said confidential documents or information in its examination of the same witness deponent without any further action.

12. Any information designated as CONFIDENTIAL INFORMATION shall not be made available to persons other than (a) Qualified Persons, (b) the party who produced such information, and (c) the Court under seal, where appropriate (*see* Doc. 8 at 9).

13. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as CONFIDENTIAL INFORMATION consents

to such disclosure in writing, or if the Court, after notice and reasonable time to object is given to all Parties, orders such disclosure.

14. Nothing in this stipulated Protective Order shall require disclosure of any material which counsel for Plaintiff or Defendant contend is protected from disclosure by the attorney-client privilege or the attorney work-product privilege. This Order shall not affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents, deposition notices, or questions at a deposition.

15. A party shall not be obligated to challenge the propriety nature of a CONFIDENTIAL INFORMATION designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this action disagrees at any stage of these proceedings with the designation by the producing party of CONFIDENTIAL INFORMATION, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved after a good faith effort, the party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court in accordance with the Court's Order issued on June 29, 2022. (*See* Doc. 8 at 8.) The Parties expressly agree that the challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination of the challenged designation.

16.     Pursuant to the Court's Order issued on June 29, 2022 (*see* Doc. 8 at 9), the Parties understand that if any party seeks to file any document or thing designated as CONFIDENTIAL INFORMATION, that party must make an independent analysis of whether said document or thing should be sealed from public disclosure. The Parties further understand that it is not sufficient reasoning to solely rely on the CONFIDENTIAL INFORMATION designation of a document or thing when seeking to have a filing sealed. Accordingly, any party filing with the Court documents or things designated as CONFIDENTIAL INFORMATION and such documents or things require protection from public disclosure, shall follow the applicable rules for having the items in question designated as part of the record under seal. Any sealed pleadings or materials must be accompanied by a specific order providing for the sealed filing of that pleading or the materials.

17.     Insofar as the provisions of any Protective Order entered in this litigation restrict the communication and use of the documents and other information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation, with all counsel, the Parties herein, their officers, employees and any other recipients of the CONFIDENTIAL INFORMATION, remaining subject to the obligations of this Order.

18.     Any party who requests additional limits on disclosure, such as "attorneys' eyes only," may at any time before the trial of this action serve upon

counsel for the recipient a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Court's Order issued on June 29, 2022. (*See* Doc. 8 at 8.)

19. This Order may be modified by further written stipulation signed by the undersigned attorneys, or by further order of the Court. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order or an additional protective order.

20. Neither this Order nor the designation of any material as "CONFIDENTIAL INFORMATION" shall be construed as any admission that such information, document or other tangible thing is confidential or that such material, or any testimony relating to such material, in a deposition or at trial, would be admissible in evidence in this case or in any other proceeding.

21. On final determination of this action, each party and other person subject to the terms hereof shall assemble and destroy, or return to the producing party, within thirty (30) days following the conclusion of these proceedings, all materials, documents and things constituting CONFIDENTIAL INFORMATION, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing CONFIDENTIAL INFORMATION except that attorneys for each party may retain one set of pleadings, including transcripts of

testimony and exhibits filed with the Court, deposition transcripts, and deposition exhibits.  If destroyed, such party shall certify to the producing party the destruction of all such materials.  Anything to the contrary in this Paragraph 21 notwithstanding, attorney's work product shall not be subject to the provisions of Paragraph 21.

22.   Nothing herein shall prohibit the use of any document or information, regardless of classification as CONFIDENTIAL INFORMATION, at any hearing, trial, deposition, or other proceeding in this action.

## CLAWBACK PROVISIONS

23.   The Parties incorporate Paragraphs 1-22 and have agreed to the following regarding the inadvertent disclosure of documents (the "Clawback Provisions"):

(a)   Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection shall not constitute a waiver of either any available privilege or protection by the disclosing party.

(b)   In the event that the receiving party discovers that it has received either attorney-client privilege or work-product-protected documents, it shall bring that fact to the attention of the producing party immediately upon that discovery.

(c)   Upon the request of the producing party, the receiving party shall promptly return any attorney-client privilege or work-product-protected document and any copies which the receiving party may have made thereof to the producing

party.  Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the producing party or non-party.

(d) Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document.

(e) No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party.

(f) In the event that either party must seek judicial enforcement –in accordance with the Court's order issued on February 11, 2020 (*See* Doc. 9 at 2) – of the Clawback Provisions, the costs and reasonable attorney's fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only in the event that the Court finds the existence of a valid privilege and grants enforcement of the Clawback Provisions by ordering the return and non-evidentiary use of the produced document.

24. The terms and conditions in this Order, relative to all information, including all documents and things produced, and all deposition testimony generated hereunder, shall survive and remain in full force and effect after the termination of this litigation.

25. By the signatures of their respective counsel affixed below, each of the Parties warrants that it knowingly and willingly enters into this Order and acknowledge that all Parties will follow the terms of this Order upon execution of this document by their counsel (both prior to and after the Order is entered by the Court).

IT IS SO ORDERED this 23rd day of November 2022.

s/Clay D. Land
HONORABLE CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO:

| **LEGARE, ATTWOOD, & WOLFE, LLC** | **GORDON REES SCULLY MANSUKHANI, LLP** |
|---|---|
| /s/ Cheryl B. Legare<br>Cheryl B. Legare<br>Georgia Bar No. 038553<br>Decatur Town Center Two<br>125 Clairemont Avenue, Suite 380<br>Decatur, Georgia 30030<br>Telephone:  (470) 823-4000<br>cblegare@law-llc.com<br><br>*Counsel for Plaintiff Andre Daniels* | /s/ Leslie K Eason<br>Leslie K. Eason<br>Georgia Bar No. 100186<br>Tiffany N. Taylor<br>Georgia Bar No. 948812<br>55 Ivan Allen Jr. Blvd., Suite 750<br>Atlanta, Georgia 30308<br>Telephone: (404) 978-7329<br>Facsimile: (678) 389-8475<br>leason@grsm.com<br>ttaylor@grsm.com<br><br>*Counsel for Defendant Baxalta US, Inc.* |

## Exhibit A

## AGREEMENT CONCERNING MATERIAL COVERED BY
## A STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the attached Order entered _____, 2022 and understand the terms thereof and agree to be bound by all such terms.

Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with, any person or entity not authorized to receive such "CONFIDENTIAL INFORMATION," pursuant to the terms of said Order, any document or any information designated as "CONFIDENTIAL INFORMATION," or any copies of extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes of the above-mentioned case and for no other purposes.

I understand that the use of any "CONFIDENTIAL INFORMATION" or document in any manner contrary to the provisions of the Order may subject me to sanctions.

Date:_____         Signature:_____

Type or print name:_____


Date:_____         Signature:_____

Type or print name:_____